IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 13-4109

———————————

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JERRY DEMARIO GUESS,

*Defendant - Appellant.*

———————————

Appeal from the United States District Court
for the Western District of North Carolina

*The Honorable Max O. Cogburn, Jr., District Judge*

———————————

BRIEF OF THE UNITED STATES

———————————

Anne M. Tompkins　　　　　William M. Miller
United States Attorney　　　Assistant United States Attorney
　　　　　　　　　　　　　227 West Trade Street
　　　　　　　　　　　　　Carillon Building, Suite 1650
　　　　　　　　　　　　　Charlotte, North Carolina 28202
　　　　　　　　　　　　　(704) 344-6222

*Attorneys for the United States of America*

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................ii

JURISDICTIONAL STATEMENT ........................................................1

ISSUE PRESENTED ............................................................................1

STATEMENT OF THE CASE ..............................................................1

SUMMARY OF THE ARGUMENT ......................................................12

ARGUMENT

    The Government did not plainly breach the plea agreement by seeking to correct an error in the grouping of counts, and this appeal should, therefore, be dismissed. ........................................14

        A.   Standard of Review .....................................................14

        B.   Discussion....................................................................16

CONCLUSION ....................................................................................24

REQUEST FOR DECISION ON THE BRIEFS WITHOUT ORAL ARGUMENT ..............................................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Puckett v. United States*, 556 U.S. 129 (2009) ........................................15

*United States v. Attar*, 38 F.3d 727 (4th Cir. 1994)................................16

*United States v. Baldovinos*, 434 F.3d 233 (4th Cir. 2006) ....................23

*United States v. Cohen*, 459 F.3d 490 (4th Cir. 2006) ............................17

*United States v. Davis*, 689 F.3d 349 (4th Cir. 2012) ......................14, 17

*United States v. Dawson*, 587 F.3d 640 (4th Cir. 2009) ..................18, 19

*United States v. Hargrove*, 625 F.3d 170 (4th Cir. 2010) .......................15

*United States v. Hargrove*, 701 F.3d 156 (4th Cir. 2012) .......................24

*United States v. Lenoci*, 377 F.3d 246 (2d Cir. 2004) ............................20

*United States v. Olano*, 507 U.S. 725 (1993) .........................................16

*United States v. Perry*, 640 F.3d 805 (8th Cir. 2011)..............................17

*United States v. Snow*, 234 F.3d 187 (4th Cir. 2000) .............................14

*United States v. Thornsbury*, 670 F.3d 532 (4th Cir. 2012) ...................16

*United States v. Tillman,* 483 Fed. Appx. 773 (4th Cir. 2012)..............17

*United States v. Weon*, 722 F.3d 583 (4th Cir. 2013)..............................18

## Statutes

18 U.S.C. § 1343 .......................................................................................3

18 U.S.C. § 1957(a) ........................................................................3

18 U.S.C. § 3231 ............................................................................1

26 U.S.C. § 7206(1) ........................................................................3

28 U.S.C. § 1291 ............................................................................1

**Rules**

U.S.S.G. § 3D1.4 ..........................................................................19

## JURISDICTIONAL STATEMENT

Defendant Jerry Demario Guess appeals following his conviction for wire fraud and filing a false tax return.   The district court entered judgment on February 1, 2013, J.A. 167–73, and Guess filed a timely notice of appeal eleven days later, J.A. 174.   The district court's subject matter jurisdiction derived from 18 U.S.C. § 3231.   This Court's jurisdiction to review Defendant's appeal is premised on 28 U.S.C. § 1291.

## ISSUE PRESENTED

Whether the Government plainly breached the plea agreement by seeking to correct an error in the presentence report related to the grouping of counts under the United States Sentencing Guidelines.

## STATEMENT OF THE CASE

1.   <u>Guess operates an advance-fee scheme, defrauding his victims of nearly $1.8 million</u>.

In 2007, Defendant Jerry Demario Guess began operating an advance-fee scheme through a pair of sham financing companies located in Charlotte, North Carolina.   J.A. 214.   Through his companies, Guess

advertised that he was able to provide private loans of between $25 million and $1 billion with highly favorable terms to individuals and businesses for large-scale projects.    J.A. 214–15.    As part of the scheme, Guess required borrowers to pay large, upfront fees in advance of the due diligence phase.    J.A. 215.    Once the borrowers deposited the fees in an "escrow" account controlled by Guess, he devised reasons to prevent the loans from closing, including claiming that the borrowers made material omissions or misstatements in their loan applications.    J.A. 215.    In total, Guess obtained approximately $1.8 million in advance fees from borrowers seeking financing from his companies.    J.A. 214.

Despite preventing the loans from ever closing, Guess did not return any of the advance fees to the prospective borrowers.    J.A. 214. Instead, Guess diverted the funds for his own personal use, purchasing, among other things, three luxury vehicles valued at more than $100,000, a diamond ring worth more than $90,000, and jet charters and a full-time protection detail valued at nearly $430,000.    J.A. 214–15. Guess also transferred approximately $540,727 of the advance-fee funds

into personal and nominee bank accounts he held at various financial institutions.   J.A. 14.

In addition to the advance-fee scheme, Guess also filed false tax returns in 2007 and 2008.   J.A. 215.   Specifically, Guess failed to report $1,760,000 in income from his financing companies; falsely claimed W-2 federal tax withholdings totaling $72,848 in 2007 and 2008; and included false deductions in his 2008 tax return, which entitled him to a large tax refund.   J.A. 215–16.

   2.   Guess pleads guilty pursuant to a plea agreement to wire fraud and filing a fraudulent tax return.

The Grand Jury for the Western District of North Carolina charged Guess with seven counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of money laundering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1957(a) and (2); and two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1).   J.A. 12–26.   Guess agreed to plead guilty, pursuant to a plea agreement, to one count of wire fraud and the two counts of filing a false tax return.   J.A. 176.   In exchange for Guess's plea, the Government agreed to dismiss the remaining charges.   J.A. 176.

3

In the plea agreement, the parties recommended an adjusted offense level calculation under the United States Sentencing Guidelines based on the specific characteristics of the two subject offenses.   J.A. 177–78.   With respect to the wire fraud count, the parties recommended a base offense level of seven, a 16-level enhancement based on the amount of loss, and a two-level enhancement for use of sophisticated means.   J.A. 177.   The parties did not, however, recommend a final adjusted offense level for the wire fraud, reserving the right to dispute whether a two-level enhancement for obstruction of justice should also apply.   J.A. 177–78.   As for the tax fraud counts, the parties recommended a base offense level of 20 and a two-level enhancement for failure to report income from criminal activity exceeding $10,000, resulting in an adjusted offense level of 22.   J.A. 177.

The parties agreed that they would make "the above recommendations as to the adjusted offense level, and [would] recommend no other enhancements or reductions."   J.A. 178.   The plea agreement was silent as to whether the counts were subject to grouping and did not set forth a combined offense level or a recommended advisory

4

guidelines range.   J.A. 177–78.   The Government committed, however, to recommend a sentence at the low end of the advisory guidelines range ultimately adopted by the court.   J.A. 178.   Guess acknowledged that he was "aware that any estimate of the likely sentence is a predication rather than a promise" and that the district court would not be bound by the parties' recommendations.   J.A. 177.   Finally, in exchange for the Government's concessions, Guess waived the right to appeal or collaterally attack his conviction and sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. J.A. 181.

Consistent with the plea agreement, Guess pled guilty in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Honorable Max O. Cogburn, Jr. presiding.   J.A. 27–51. During the Rule 11 colloquy, Guess admitted that he was, in fact, guilty of the wire fraud and tax counts.   J.A. 41.   Guess affirmed that he had discussed the application of the guidelines with counsel but acknowledged his understanding that the ultimate sentence was within the court's discretion and could be greater or less than he anticipated.

5

J.A. 39.   After the Government summarized several key terms of the

plea agreement, Guess and his attorney confirmed that they had

reviewed the entire agreement prior to signing it.   J.A. 42–47.   Guess

also acknowledged the limitation on his right to appeal or collaterally

attack his conviction and sentence contained in the plea agreement.

J.A. 47–48.   At the conclusion of the hearing, the court found that

Guess's guilty plea was knowingly and voluntarily made and accepted it.

J.A. 50.

    3.   <u>The district court sentences Guess at the low end of the guidelines range to 51 months in prison.</u>

Prior to sentencing, the probation officer prepared a draft

presentence investigation report.   J.A. 184–98.   The probation officer's

calculation of Guess's adjusted offense level for the wire fraud and tax

counts mirrored the parties' recommendations in the plea agreement,

except that the probation officer included the two-level obstruction of

justice enhancement whereas the parties had reserved the issue.   J.A.

189.   As a result, the probation officer recommended an adjusted offense

level of 27 for the wire fraud count and an adjusted offense level of 22 for

the tax counts.   J.A. 189.

In calculating Guess's total offense level, the probation officer concluded that the wire fraud and tax counts were closely related and, therefore, combined the counts into a single group under § 3D1.3 of the guidelines.   J.A. 190.   Accordingly, relying on the higher adjusted offense level from the wire fraud count and after subtracting three levels for acceptance of responsibility, the probation officer calculated an advisory guidelines range of 57 to 71 months in prison, based on a total offense level of 24 and a criminal history category of II.   J.A. 190, 196.

Both parties objected to the draft presentence report.   First, the Government sought to correct an error in the grouping of the wire fraud and tax counts under the guidelines.   J.A. 199–207.   Citing an unpublished decision from this Court and cases from a majority of the other circuit courts of appeal that have addressed the issue, the Government explained that the wire fraud and tax counts were not closely related under § 3D1.2 because they involved different victims, did not involve overlapping offense characteristics, and were not based on the same type of loss.   J.A. 199–206.   Because the wire fraud and tax counts should not have been combined into a single group, the

7

Government asserted that the correct total offense level was 29, after application of a two-level multi-count adjustment under § 3D1.4 for the two separate units.   J.A. 206.   Next, Guess submitted a pair of objections, challenging the application of the two-level obstruction of justice enhancement and contending that the probation officer improperly calculated his criminal history by including a prior conviction for which Guess received a suspended sentence.   J.A. 208–11.

In response, the probation officer prepared a revised presentence report, accepting all of the parties' recommendations.   Specifically, the probation officer eliminated the two-level obstruction-of-justice enhancement; treated the wire fraud and tax counts as separate groups, resulting in a combined offense level that was two levels higher; and subtracted the criminal history points assigned to the contested conviction, reducing Guess's criminal history to a category I.   J.A. 217–18.   As a result of the revisions, the probation officer calculated an advisory guidelines range of 51 to 63 months, based on a total offense level of 24 and a criminal history category of I.   J.A. 224.

Less than a month prior to sentencing, Guess requested that the

8

district court terminate his court-appointed counsel and allow him the opportunity to retain substitute counsel, contending that his court-appointed lawyers were ineffective and that there had been a breakdown in communication.   J.A. 52.   At a status of counsel hearing before the magistrate judge, Guess complained about several alleged "misrepresentations" made by his counsel, including a misrepresentation related to the advisory guidelines range set forth in the presentence report.   J.A. 241–42.   At the conclusion of the hearing, the magistrate judge denied Guess's motion to substitute counsel, concluding that Guess's request was untimely and that there was not a total breakdown in communication that would prevent an adequate defense.   J.A. 71–72. Less than two weeks later, at his scheduled sentencing hearing, Guess reiterated his complaints about counsel and requested a continuance to allow him additional time to retain substitute counsel.   J.A. 76.   In response, the court declined to terminate Guess's court-appointed counsel but continued the sentencing hearing one month to allow Guess the opportunity to hire another lawyer.   J.A. 95–99.

When the sentencing hearing resumed one month later, Guess,

9

who had still not hired replacement counsel, requested another continuance to allow him time to hire a lawyer.   J.A. 104.   While explaining his issues with his court-appointed counsel, Guess again complained that the advisory guidelines range recommended by the probation officer was inconsistent with his plea agreement, stating that he "signed a plea for 41 to 51 months" and that based on an "insidious act" by the Government his "guideline level sho[t] up to 51 to 63."   J.A. 112.   In response to Guess's complaint, the district court sought clarification from defense counsel, who explained that the discrepancy was the result of an error in their estimate of the advisory guidelines range.   J.A. 123.   Specifically, counsel explained that because "there was not a set amount of months . . . laid out in the plea agreement, counsel "estimated for Mr. Guess at the time of his plea what [they] anticipated his guidelines would be," but that when the presentence report was issued, the guidelines "[came] out a little higher than [they] anticipated."   J.A. 123–24.   The Government added that the discrepancy may have arisen from the "multi-count grouping adjustment," explaining that the plea agreement set forth "the parties'

10

agreement . . . as to the enhancement and the guideline calculation for each of the counts of conviction" but that, in addition to the adjusted offense level calculation as to each count, "the multi-count adjustment . . . also had an effect." J.A. 124–25. In response, defense counsel agreed, stating, "Once the government filed their objections, we looked into the issue and didn't see an argument against that, that it should not be applied. So unfortunately the guidelines did come out higher than we anticipated." J.A. 127. After hearing from all parties, the court concluded that Guess's issue with the plea agreement and the recommended guidelines range in the presentence report was not based on a mistake but instead was the product of a reasonable estimate by defense counsel that turned out to be incorrect. J.A. 127–28.

After confirming that the parties were prepared to proceed, the district court denied Guess's request for a continuance and proceeded with the sentencing hearing with Guess still represented by court-appointed counsel. J.A. 110, 114, 116–17. The court adopted the presentence report, including the advisory guidelines range of 51 to 63 months in prison. J.A. 128. Guess, through counsel, requested a

two-level downward variance based on a period of pre-arrest detention in Canada and his history and characteristics.   J.A. 128–39.   Consistent with the plea agreement, the Government recommended a sentence at the low end of the guidelines range.   J.A. 140, 151–56.

After considering the relevant sentencing factors, the district court accepted the Government's recommendation and sentenced Guess to 51 months in prison.   J.A. 156.   In support of its chosen sentence, the court highlighted the nature and circumstances of the offense, noting that it involved a "huge fraud" and that the "offense conduct [was] pretty horrible."   J.A. 151, 152, 156–60.   The court also explained that it would have imposed the same sentence even if the guidelines range were "reduced . . . down two levels to 41 to 51 months," noting that, given the nature of the fraud, if the guidelines range had been lower, it would have considered an "upward departure."   J.A. 156, 158–59.

## SUMMARY OF THE ARGUMENT

Because the Government did not breach the plea agreement, plainly or otherwise, this Court should enforce Guess's valid appeal waiver and dismiss this appeal.   Guess claims that the Government

12

breached the plea agreement by seeking to correct a guidelines error in the grouping of the wire fraud and tax counts.   After setting forth a joint recommendation as to the applicable enhancements based on the specific characteristics of the wire fraud and tax offenses and the resulting offense levels, the plea agreement provided that the parties would not seek any enhancements or reductions other than those included in the adjusted offense level recommendations.   In arguing that the Government breached this provision, Guess attempts to broaden the plea agreement's prohibition on seeking additional offense level enhancements to cover the distinct concepts of grouping and multiple-count adjustments.   Because the agreement was silent on grouping and did not propose a combined offense level, however, the Government's objection to the erroneous combination of the wire fraud and tax counts into a single group did not breach the plain meaning of the plea agreement.   Accordingly, Guess's breach claim fails, and his appeal should be dismissed.

Regardless of whether the Government breached the plea agreement, Guess is nevertheless unable to satisfy the requirements of

13

plain error review.    Specifically, Guess is unable to show that any error

affected his substantial rights, where he effectively acknowledges that

the district court correctly calculated the advisory guidelines range and

where the district court stated that it would have imposed the same

sentence even if it had sentenced Guess to a guidelines range that was

two levels lower.    Given Guess's failure to satisfy his burden under plain

error review, even if his appeal were not subject to dismissal, the

judgment of the district court should nevertheless be affirmed.

## **ARGUMENT**

**The Government did not plainly breach the plea agreement by seeking to correct an error in the grouping of counts, and this appeal should, therefore, be dismissed.**

### A.    Standard of Review

Ordinarily, when considering a claim that the government

breached the plea agreement, this Court reviews a district court's factual

findings for clear error and its legal conclusions de novo.    *United States*

*v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000).    Where the defendant raises

such a claim for the first time on appeal, however, this Court's review is

for plain error only.    *United States v. Davis*, 689 F.3d 349, 354 (4th Cir.

14

2012). The purpose of requiring a contemporaneous objection is to allow the district court the opportunity to consider the argument and correct the purported error. *Puckett v. United States*, 556 U.S. 129, 141 (2009); *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010).

On appeal, Guess's sole claim is that by objecting to the erroneous grouping of the wire fraud and tax counts, the Government breached the provision of the plea agreement that prohibited the parties from seeking additional enhancements to the adjusted offense level. Guess contends that he preserved this claim by complaining that the guidelines range reflected in his presentence report was contrary to his agreement. Guess did not argue at any point below, however, that the Government's grouping objection constituted a breach of the plea agreement. In fact, even though the district court went to great lengths to clarify Guess's dispute with the presentence report, Guess never referenced the plea agreement's prohibition on seeking additional enhancements. Instead, as the district court found after hearing from the parties, Guess's issue did not stem from an alleged breach of the plea agreement, but instead, his complaints were the product of defense counsel's estimate regarding

15

the guidelines range.   Because Guess raises his breach claim for the

first time on appeal, this Court's review is for plain error only.

Under the plain error standard, the defendant bears the burden of

establishing (1) there was error, (2) the error was plain, and (2) the error

affected the defendant's substantial rights.   *United States v. Olano*, 507

U.S. 725, 731–32 (1993).   Even then, this Court will only exercise its

discretion to correct the error if the error seriously affects the fairness,

integrity or public reputation of judicial proceedings.   *Id.* at 732.

## B.    Discussion

This Court will uphold a defendant's appeal waiver if the waiver is

valid and the issue appealed falls within the scope of the waiver.   *United

States v. Attar*, 38 F.3d 727, 731–33 (4th Cir. 1994).   Here, Guess does

not challenge the validity of the appeal waiver contained in his plea

agreement, nor could he where his representations during the Rule 11

colloquy conclusively establish that he knowingly and intelligently

waived the right to appeal.   *See United States v. Thornsbury*, 670 F.3d

532, 537 (4th Cir. 2012) ("Generally, if a district court questions a

defendant regarding the waiver of appellate rights during the Rule 11

16

colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."). Instead, Guess claims that the Government breached the plea agreement by seeking to correct a guidelines error in the grouping of counts. Although this Court will not enforce an otherwise valid appeal waiver if the government breached the plea agreement, where the record shows that the government did not breach the agreement, this Court will enforce the waiver and will dismiss the appeal. *United States v. Cohen*, 459 F.3d 490, 495 (4th Cir. 2006).

1.  <u>Because the Government did not breach the plea agreement, plainly or otherwise, Guess's appeal should be dismissed.</u>

Because a plea agreement is essentially a contract between the defendant and the government, this Court applies principles of contract law when interpreting a plea agreement. *Davis*, 689 F.3d at 353. Consistent with these principles, this Court seeks to "discern the intent of the parties as expressed in the plain language of the agreement" to ensure that both parties receive the benefit of their bargain. *United States v. Tillman*, 483 Fed. Appx. 773, 774 (4th Cir. 2012) (unpublished) (quoting *United States v. Perry*, 640 F.3d 805, 811 (8th Cir. 2011));

17

*United States v. Weon*, 722 F.3d 583, 588 (4th Cir. 2013) (explaining that this Court interprets a plea agreement according to the "plain meaning" of its terms).   To be sure, a party breaches a plea agreement when it fails to abide by any key term of the agreement.   *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009).   "A central tenet of contract law," however, "is that no party is obligated to provide more than is specified in the agreement itself."   *Id.* (quotation omitted).   To that end, "in enforcing plea agreements, the government is held only to those promises that it actually made."   *Id.*

Guess contends that the Government breached the plea agreement in this case by seeking to correct an error in the combination of the wire fraud and tax counts into a single group under the guidelines. Specifically, Guess argues that the Government's objection violated the parties' agreement not to seek any "enhancements or reductions" other than the "recommendations as to the adjusted offense level" set forth in the preceding paragraphs of the plea agreement.   *See* J.A. 178. Contrary to Guess's assertion, the prohibition on recommending

additional enhancements to the adjusted offense level did not preclude the Government from seeking to correct the grouping error.

Enhancements based on the specific characteristics of an offense are distinct from any multiple-count adjustment, which only applies after the court has calculated the offense level for each distinct count. According to the guidelines, the purpose of the multiple-count provisions is to determine a "combined offense level" for all counts of conviction that provides "incremental punishment for significant additional criminal conduct." U.S.S.G. Ch. 3, Pt. D intro. commentary. To that end, for counts that are not closely related, the guidelines specify that, in calculating the "combined offense level," courts should "start with the offense level for the most serious count and use the number and severity of additional counts to determine the amount by which to increase that offense level." *Id.* As such, under the rules for multiple-count adjustments, courts calculate the "combined offense level" *after* they have already determined the offense level for each count by applying all applicable enhancements based on the specific characteristics of the offense. *See* U.S.S.G. § 3D1.4. Given this sequence, the enhancements

19

that factor into the offense level calculation based on the specific characteristics of the offense are distinct from any multi-count adjustment that a court may apply to determine the "combined offense level" for all counts of conviction.

Here, the plea agreement included a joint recommendation as to the offense level for the wire fraud and tax counts based on the various enhancements the parties agreed should apply based on the "specific characteristics" of the offenses.  *See* J.A. 177.  The agreement then prohibited the parties from recommending any additional "enhancements or reductions" other than those set forth in the offense level recommendations.  *See* J.A. 178.  The plea agreement was silent, however, on the separate and distinct issue of grouping and did not propose a combined offense level for the two groups.  Under these circumstances, there is nothing in the agreement that prohibited the Government from correcting the error in the combination of the wire fraud and tax counts into a single group.  *See United States v. Lenoci*, 377 F.3d 246, 258 (2d Cir. 2004) ("Because the grouping of counts in the plea agreement was not an issue stipulated to by the parties, the

20

government did not violate the plea agreement by presenting an argument in the alternative for a two-level upward adjustment."). Guess's attempt to broaden the prohibition on seeking additional enhancements to the offense level to cover the Government's grouping objection ignores the distinction between enhancements based on the specific characteristics of the offense and multi-count adjustments and is contrary to the plain meaning of the plea agreement.

A review of the record further reinforces that the plain meaning of the prohibition on seeking additional enhancements to the offense level did not extend to grouping. Although the parties discussed the issue of the multi-count adjustment at length during the sentencing hearing, defense counsel never once suggested that the Government's grouping objection constituted a breach of the plea agreement. In fact, defense counsel did not assert breach even when the Government noted that the multi-count adjustment had an effect beyond "the parties' agreement . . . as to the enhancements and the guidelines calculation for each of the counts of conviction." *See* J.A. 125. The record confirms that the parties did not intend the prohibition on recommending additional

enhancements to the offense level to apply to multi-count adjustments and reflects the plain meaning of those distinct concepts.

In light of the plea agreement's silence on the issues of grouping and the applicable combined total offense level, Guess's breach claim fails insofar as it represents an attempt to hold the Government to a promise it did not make.   Because the Government did not breach the plea agreement, this Court should enforce the appeal waiver and dismiss Guess's appeal.

2.    <u>Guess is unable to satisfy the remaining requirements of plain error review</u>.

Regardless of whether or not the Government breached the plea agreement, Guess is nevertheless unable to show that the alleged error affected his substantial rights or that this case warrants the exercise of this Court's discretion to correct any error.   As an initial matter, Guess has never claimed that the Government's challenge to the grouping of the wire fraud and tax counts was legally incorrect.   To the contrary, at the sentencing hearing, defense counsel acknowledged that there was no basis to contest the multi-count adjustment and the district court agreed that "[i]t does appear that the . . . two units should be added."   *See* J.A.

22

126–27.   Perhaps recognizing that the district court's calculation of the combined offense level was correct, Guess does not request that this Court remand his case for resentencing without application of the multi-count adjustment.   Nor has Guess requested that he be allowed to withdraw his guilty plea.   Instead, Guess asks for a general remand for the district court to "determine the appropriate relief."   Br. of Appellant 15.   Guess's inability to specify the relief to which he claims to be entitled reinforces that the alleged breach of the plea agreement did not impact his substantial rights.[1]

Furthermore, in sentencing Guess to 51 months in prison, the district court made clear that it would have imposed the same sentence even if the guidelines range had been 41 to 51 months.   It is therefore clear from the record that even if the Government had not objected to the

---

[1]Guess also asserts, without elaboration, that the general remand should be broad enough to encompass other potential issues like ineffective assistance of counsel and his pre-arrest detention in Canada. Because Guess has not demonstrated an entitlement to relief on these issues and where ineffective assistance of counsel is not conclusively apparent on the record, these "claims" for relief should also be rejected. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006) (holding that a claim of ineffective assistance of counsel is not cognizable on direct appeal unless "the lawyer's ineffectiveness conclusively appears from the record").

23

erroneous grouping of the wire fraud and tax counts, Guess would have nevertheless received the same sentence under the lower guidelines range. Under these circumstances, not only is Guess unable to show that his substantial rights were impacted, but even if this Court were persuaded that Guess had preserved his claim, any error would be harmless in light of the district court's explanation of its chosen sentence. *See United States v. Hargrove*, 701 F.3d 156, 163–65 (4th Cir. 2012) (holding that an alleged error in sentencing was harmless where the district court made clear that it would have imposed the same sentence even if it had decided the guidelines issue the other way and where the chosen sentence was substantively reasonable). Accordingly, even if Guess's appeal were not subject to dismissal, this Court should nevertheless affirm the district court's judgment because Guess fails to show that any error impacted his substantial rights.

## **CONCLUSION**

For the foregoing reasons, this Court should enforce Guess's valid appeal waiver and dismiss this appeal or, in the alternative, affirm the judgment of the district court.

24

## <u>REQUEST FOR DECISION ON THE BRIEFS</u><br><u>WITHOUT ORAL ARGUMENT</u>

The United States does not believe that oral argument will assist the Court in any material way and requests that this appeal be decided on the briefs.

Respectfully submitted, this the 7th day of January, 2014.

ANNE M. TOMPKINS<br>
UNITED STATES ATTORNEY<br>
s/ William M. Miller<br>
William M. Miller<br>
NC Bar Number # 36946<br>
Assistant United States Attorney<br>
227 West Trade Street<br>
Carillon Building, Suite 1650<br>
Charlotte, North Carolina 28202<br>
Telephone: (704) 344-6222<br>
Fax: (704) 344-6229<br>
E-mail: William.Miller@usdoj.gov

## <u>CERTIFICATION OF COMPLIANCE</u>

1.     This Brief has been prepared using (select and complete only one):

__x__         Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial).    Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point): <u>Microsoft Word, Century Schoolbook, 14 point</u>

_____ Twelve point, monospaced typeface (such as Courier or Courier New).    Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier 12 point):

2.     EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains (select and complete only one):

3._____    Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

 4608 Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); OR

_____ Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.    If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ William M. Miller
Assistant United States Attorney
USAO Charlotte, NC

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a copy of the above upon Defendants herein by serving his attorney of record, Robert C. Carpenter, through electronic case filing.

This the 7th day of January, 2014.

s/ William M. Miller
Assistant United States Attorney
USAO Charlotte, NC